**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**at Huntington**

**HARMON ADKINS**
    **Plaintiff,**

                                              **Civil Action No.:   14-C-041**

**v.**                                        **Judge:  James H. Young, Jr.**

**CMH OF KY, INC.,**                              Civil Action No.: 3:14-12679
**misnamed as**
**CLAYTON HOMES**
**OF KENTUCKY INC.,**
**and JERRY TACKETT**

    **Defendants.**

## ANSWER OF DEFENDANT CMH OF KY, INC.

**COMES NOW**, Defendant CMH of KY, Inc., ("hereinafter CMH"), misnamed as Clayton Homes of Kentucky, by counsel, Jason J. Stemple, Duffield, Lovejoy, Stemple & Boggs PLLC, and in response to the Plaintiff's Complaint, states as follows:

Because of the nature of the allegations in the Complaint and the fact that no discovery has been completed to date in this matter as to the Plaintiff's claims, in order to preserve important legal rights and protections, Defendant CMH sets forth below certain affirmative defenses which, based upon the information set forth in the Plaintiff's Complaint, it believes may apply to some or all of the claims raised therein. Defendant CMH further reserves the right to withdraw or modify some or all of the affirmative defenses set forth below, in whole or in part, depending upon the nature of the discovery in this matter.

## FIRST DEFENSE

1.      Answering Paragraph 1 of the Complaint, Defendant CMH admits the allegations contained therein.

2.      Answering paragraph 2 of the Complaint, Defendant CMH denies said allegations and demands strict proof thereof.

3.      Answering paragraph 3 of the Complaint, Defendant CMH of KY, Inc. avers that it sold a manufactured home to Plaintiff.  In regards to the remaining allegations, Defendant CMH avers that the documents speak for themselves.  If a response is required, Defendant denies said allegations and requires strict proof thereof.

4.      Answering paragraph 4 of the Complaint, Defendant CMH of KY, Inc. avers that it sold a manufactured home to Plaintiff.  In regards to the remaining allegations, Defendant CMH avers that the documents speak for themselves.  If a response is required, Defendant denies said allegations and requires strict proof thereof.

5.      Answering paragraph 5 of the Complaint, Defendant CMH denies said allegations and demands strict proof thereof.

6.      Answering paragraph 6 of the Complaint, Defendant CMH denies said allegations and demands strict proof thereof.

7.      Answering paragraph 7 of the Complaint, Defendant CMH denies said allegations and demands strict proof thereof.

      A.  Defendant CMH denies said allegations and demands strict proof thereof.

      B.  Defendant CMH denies said allegations and demands strict proof thereof.

      C.  Defendant CMH denies said allegations and demands strict proof thereof.

## SECOND DEFENSE

Defendant CMH avers that the Plaintiff is guilty of comparative negligence which caused or contributed to the alleged damages. Defendant CMH breached no duty owed to the Plaintiff.

## THIRD DEFENSE

Defendant CMH avers that the Plaintiff's claims are barred by the applicable statute of limitations, statute of repose, statute of frauds, West Virginia Code Section 46A-5-101, West Virginia Uniform Commercial Code, including Chapter 46, Section 2, West Virginia Code Section 46-2-725, failure to plead fraud with particularity, waiver, estoppel, failure to join

indispensable parties, and any other matter constituting an avoidance or affirmative defense which may later be revealed in discovery.

## FOURTH DEFENSE

Defendant CMH asserts the affirmative defense of insufficient service of process and improper venue.

## FIFTH DEFENSE

The Complaint fails to state a claim against Defendant CMH upon which relief can be granted.

## SIXTH DEFENSE

The Plaintiff's damages, in whole or part, were caused by acts of others, not any actionable conduct Defendant CMH.

## SEVENTH DEFENSE

The Plaintiff's damages related to delivery of the manufactured home, in whole or part, are subject to and limited by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 147067.

## EIGHTH DEFENSE

The Plaintiff's claims are subject to a binding and mandatory arbitration clause. Accordingly, this cause of action should be dismissed, or in the alternative, the action should be stayed pending resolution of the arbitration proceeding.

## NINTH DEFENSE

Prior to filing suit, Plaintiff did not file a consumer complaint with the West Virginia Division of Labor, Manufactured Housing Construction and Safety Standards Board as required by West Virginia Code Section 21-9-11a.

## TENTH DEFENSE

Defendant CMH specifically reserves the right to assert additional affirmative defenses, Cross Claims, Counterclaims and/or Third Party Claims should discovery reveal the necessity of such action.

**WHEREFORE**, Defendant CMH having fully answered the Plaintiff's Complaint, demands that it be dismissed from this action WITH PREJUDICE, that Defendant CMH be awarded further and continuing relief as justice may require.

**CMH OF KY, INC.,
misnamed as
CLAYTON HOMES
OF KENTUCKY INC.
BY COUNSEL,**

s/Jason J. Stemple
Jason J. Stemple (W.Va. Bar No. 8883)
Duffield, Lovejoy, Stemple & Boggs PLLC
Post Office Box 608
Huntington, W.Va. 25701
(304) 522 3038
(Counsel for Defendant CMH of KY, Inc.)

## UNITED STATES DISTRICT COURT

**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**at Huntington**

**HARMON ADKINS**
        **Plaintiffs,**

                                                    **Civil Action No.:  14-C-041**
**v.**                                              **Judge:  James H. Young, Jr.**


**CMH OF KY, INC.,**
**misnamed as**                                     Civil Action No.: 3:14-12679
**CLAYTON HOMES**
**OF KENTUCKY INC.,**
**and JERRY TACKETT**

        **Defendants.**

### CERTIFICATE OF SERVICE

        I hereby certify that, on the 19th day of March, 2014, the undersigned counsel served the

foregoing "**ANSWER OF DEFENDANT CMH OF KY, INC.**" upon counsel of record by

filing the document with the Clerk of the Court for the United States District Court for the

Southern District of West Virginia, Huntington Division, using the CM/ECF System, which will

send notification of such filing to counsel of record as follows:


                        Donald R. Jarrell, Esq.
                        218 North Court Street
                        P.O. Box 190
                        Wayne, WV 25570
                        (304) 272-6391
                        (Counsel for Plaintiff)


s/Jason J. Stemple
Jason J. Stemple (W.Va. Bar No. 8883)
Duffield, Lovejoy, Stemple & Boggs PLLC
Post Office Box 608
Huntington, W.Va. 25701
(304) 522-3038
(Counsel for Defendant CMH of KY, Inc.)