IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

HARMON ADKINS,

        Plaintiff,

v.                                            CIVIL ACTION NO.   3:14-12679

JERRY TACKETT and
CLAYTON MOBILE HOMES
OF KENTUCKY, INC.,

        Defendants.

## SCHEDULING ORDER

Pursuant to *Fed. R. Civ. P.* 16(b) and the *Local District Court Rules*, the Court **ORDERS**:

1.    <u>Joinder and Amendments</u>: Motions to join other parties or to amend the pleadings shall be filed by **June 27, 2014**.

2.    <u>Discovery</u>: The parties shall complete all discovery requests by **January 9, 2015,** and all depositions by **February 6, 2015.** The last date to complete depositions shall be the 'discovery completion date' by which all discovery, including disclosures required by *Fed. R. Civ. P.* 26(a)(1) and (2), but not disclosures required by *Fed. R. Civ. P.* 26(a)(3), should be completed. Pursuant to *L.R.* 26.1(c), the Court adopts and approves agreements of the parties with respect to limitations on discovery (numbers of interrogatories, requests for admissions, and depositions).

3.    <u>Expert Witnesses</u>: The party bearing the burden of proof on an issue shall make the disclosures of information required by *Fed. R. Civ. P.* 26(a)(2)(A) and (B) for that issue to all other parties or their counsel no later than **December 8, 2014**. The party not bearing the burden

of proof on an issue shall make the disclosures required by *Fed. R. Civ. P.* 26(a)(2)(A) and (B) for that issue to all other parties or their counsel no later than **January 7, 2015**. All parties shall provide the disclosures required by *Fed. R. Civ. P.* 26(a)(2)(A) and (B) if the evidence is intended solely to contradict or rebut evidence on the same issue identified by another party under *Fed. R. Civ. P.* 26(a)(2)(B), no later than **January 27, 2015**.

4. <u>Dispositive Motions</u>: All dispositive motions, except those filed under *Fed. R. Civ. P.* 12(b), together with depositions, admissions, documents, affidavits or other exhibits, and a memorandum in support of such motions shall be filed by **March 9, 2015**. Any response shall be filed within 14 days of the filing of the motion, with replies due within 7 days of the filing of the response. If not filed electronically, a copy of any motion, supporting memorandum, response and reply, together with documents or materials in support, shall be delivered to the undersigned at the time filing. If filed electronically, a hard copy of any motion, supporting memorandum, response or reply, together with documents or materials in support, exceeding fifty (50) pages in length shall be submitted to the undersigned at the time of filing.

5. <u>Settlement Meeting and *Fed. R. Civ. P.* 26(a)(3) Disclosures</u>: No later than **April 20, 2015**, counsel and any unrepresented parties shall meet to conduct settlement negotiations. Lead trial counsel for the plaintiff shall take the initiative in scheduling the meeting; all other counsel shall cooperate in the effort to achieve a successful negotiation and settlement. The parties must be prepared at the pretrial conference to certify that they tried to settle the case. If the case is not settled at the meeting and if there is no order or stipulation to the contrary, counsel and unrepresented parties shall make all *Fed. R. Civ. P.* 26(a)(3) disclosures at the settlement meeting.

6. <u>Proposed Integrated Pretrial Order</u>: Counsel for the plaintiff shall prepare their portion of the pretrial order and submit it to counsel for the defendants no later than **April 27,**

**2015**. Counsel for the defendants shall prepare and file a proposed integrated pretrial order no later than **May 4, 2015**. The proposed integrated pretrial order, signed by all counsel and unrepresented parties, shall set forth the matters listed in *L.R.* 26.1(b), including any objections to *Fed. R. Civ. P.* 16.7(b) disclosures.

      7.    <u>Pretrial Conference</u>: A final pretrial conference shall be held on **May 11, 2015**, at **10:00 a.m.** in **Huntington.** Lead counsel and any unrepresented parties shall appear fully prepared to discuss all aspects of the case. Individuals with full authority to settle the case shall be present in person. Following the pretrial conference, the Court shall enter a final pretrial order, which shall only be modified to prevent manifest injustice.

      8.    <u>Proposed Charge to Jury</u>: No later than **May 19, 2015**, counsel and any unrepresented parties shall submit to the presiding judge proposed jury instructions in charge form on substantive theories of recovery or defense, on damages, and on evidentiary matters peculiar to the case, and special interrogatories, if any be appropriate. The proposed instructions shall be exchanged among counsel and any unrepresented parties before their submission. The proposed instructions shall not be filed with the Clerk and made part of the record unless ordered by a judicial officer.

      9.    <u>Final Settlement Conference</u>: A final settlement conference, attended by lead trial counsel and any unrepresented parties, shall be held on **May 26, 2015**, at **9:30 a.m.** in **Huntington.** Individuals with full authority to settle the case shall be present in person.

      10.    <u>Trial</u>: Trial of this action shall commence on **May 27, 2015**, at **8:30 a.m.** in **Huntington.**

      11.    <u>Failure to Appear or Negotiate</u>: At least one attorney for each party and all unrepresented parties participating in any conference before trial shall have authority to make

decisions as to settlement, stipulations and admissions on all matters that participants reasonably anticipate may be discussed. Counsel and unrepresented parties are subject to sanctions for failures and lack of preparation.

The Court further **CANCELS** the scheduling conference set for **May 27, 2014**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:   May 8, 2014

_____
ROBERT C. CHAMBERS, CHIEF JUDGE